

# U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*  (973) 645-2700
*Newark, NJ 07102*

SWC/PL AGR
2012R00810

November 19, 2013

John Yauch, AFPD
Office of the Federal Public Defender
1002 Broad Street
Newark, NJ 07102

    Re: <u>Plea Agreement with Abiodun Adejohn</u> - Cr. 14-321 (WHW)

Dear Mr. Yauch:

    This letter sets forth the plea agreement between your client, Abiodun Adejohn, and the United States Attorney for the District of New Jersey ("this Office").

Charge

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Abiodun Adejohn to a one-count information, which charges him with conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349. If Abiodun Adejohn enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Abiodun Adejohn for conspiring to defraud various vendors that provide goods and services, including shipping services, by misappropriating the identities of various government employees for the financial benefit of him and his co-conspirators, from as early as in or about 2012 through in or about September 2013, as is more fully described in the criminal complaint filed under Magistrate Number 13-6717 (JAD). However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Abiodun Adejohn agrees that any dismissed charges and any other charges that are not time-barred

by the applicable statute of limitations on the date this agreement is signed by Abiodun Adejohn may be commenced against him, notwithstanding the expiration of the limitations period after Abiodun Adejohn signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1349 to which Abiodun Adejohn agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Abiodun Adejohn is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Abiodun Adejohn ultimately will receive.

Further, in addition to imposing any other penalty on Abiodun Adejohn, the sentencing judge: (1) will order Abiodun Adejohn to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Abiodun Adejohn to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Abiodun Adejohn, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; and (4) pursuant to 18 U.S.C. § 3583, may require Abiodun Adejohn to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Abiodun Adejohn be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Abiodun Adejohn may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time

previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Abiodun Adejohn agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense, to the victims of the offense in the amount of $937,508.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Abiodun Adejohn by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Abiodun Adejohn's activities and relevant conduct with respect to this case.

Stipulations

This Office and Abiodun Adejohn agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Abiodun Adejohn from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing

court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Abiodun Adejohn waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

Abiodun Adejohn agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461, he will consent to the entry of a forfeiture money judgment in the amount of $937,508 in United States currency (the "Forfeiture Money Judgment"). Defendant acknowledges that the Forfeiture Money Judgment is subject to forfeiture as property, real or personal, that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343, which constitutes a specified unlawful activity within the meaning of 18 U.S.C. § 981(a)(1)(C), or a conspiracy to commit such offense.

Payment of the Forfeiture Money Judgment shall be made by certified or bank check payable to the United States Marshals Service. On or before the date ~~he enters his plea of guilty~~ of sentencing ~~pursuant to this agreement~~, Abiodun Adejohn shall cause said check to be hand-delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102, with the criminal docket number noted on the face of the check.

If the Forfeiture Money Judgment is not paid on or before the date Abiodun Adejohn ~~enters his plea of guilty pursuant to this agreement,~~ of sentencing interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. Furthermore, if Abiodun Adejohn fails to pay any portion of the Forfeiture Money Judgment on or before the date of his guilty plea, Abiodun Adejohn consents to the forfeiture of any other property alleged to be subject to forfeiture in the Information, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of

4

any deficiency until the Forfeiture Money Judgment is paid in full.

Abiodun Adejohn hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Abiodun Adejohn. This agreement does not prohibit the United States, any agency thereof (including the Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Abiodun Adejohn.

5

No Other Promises

    This agreement constitutes the plea agreement between Abiodun Adejohn and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                                    Very truly yours,
                                    PAUL J. FISHMAN
                                  United States Attorney

                                By: SHANA W. CHEN
                                Assistant U.S. Attorney

APPROVED:

Christopher J. Kelly
Chief, Economic Crimes Unit

6

I have received this letter from my attorney, John Yauch, Assistant Federal Public Defender. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 12/04/2013
Abiodun Adejohn


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 12/4/13
John Yauch, AFPD

7

Plea Agreement With Abiodun Adejohn

Schedule A

1.  This Office and Abiodun Adejohn recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Abiodun Adejohn nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Abiodun Adejohn within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Abiodun Adejohn further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2.  The version of the United States Sentencing Guidelines effective November 1, 2013, applies in this case. The guideline that applies to the charge under Title 18, United States Code, Section 1349, contained in the Information, is U.S.S.G. § 2X1.1.

3.  The base offense level is the base offense level from the guideline for the substantive offense, Title 18, United States Code, Section 1343, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. Accordingly, the applicable guideline is U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 7.

4.  Specific Offense Characteristic § 2B1.1(b)(1)(H) applies because the loss involved is more than $400,000 but less than $1,000,000. This Specific Offense Characteristic results in an increase of 14 levels.

5.  Specific Offense Characteristic § 2B1.1(b)(2)(A) applies because the offense involved 10 or more victims. This Specific Offense Characteristic results in an increase of 2 levels.

6.  Specific Offense Characteristic § 2B1.1(b)(9)(A) applies because the offense involved a misrepresentation that the defendant was acting on behalf of a government agency. This Specific Offense Characteristic results in an increase of 2 levels.

7.  Specific Offense Characteristic § 2B1.1(b)(10)(B) applies because a substantial part of the fraudulent scheme was

8

committed from outside the United States. This Specific Offense Characteristic results in an increase of 2 levels.

8. As of the date of this letter, Abiodun Adejohn has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Abiodun Adejohn's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

9. As of the date of this letter, Abiodun Adejohn has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Abiodun Adejohn enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Abiodun Adejohn's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Abiodun Adejohn will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

10. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Abiodun Adejohn is 24 (the "agreed total Guidelines offense level").

11. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 24 is reasonable.

12. Abiodun Adejohn knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 24. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 24. The parties

9

reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

    13. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.