AO 245B (Mod. D/NJ 12/06) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.                                                     Case Number   2-Cr. # 14-321

ABIODUN   ADEJOHN

   Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

   The defendant, ABIODUN   ADEJOHN , was represented by John H. Yauch, ESQ (AFPD).

   The defendant pled guilty to count(s) 1 of the INFORMATION on June 10, 2014.  Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| T. 18 USC 1349 | Conspiracy to Commit Wire Fraud | As early as 2012 through September 2013 | 1 |

   As pronounced on MAY 20, 2015, the defendant is sentenced as provided in pages 2 through 7 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

   It is ordered that the defendant shall pay to the United States a special assessment of $100, for count(s) 1, which shall be due immediately.  Said special assessment shall be made payable to the Clerk, U.S. District Court.

   It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

   Signed this the _21_ day of MAY , 2015.

WILLIAM H. WALLS
Senior United States District Judge

07105

AO 245B (Mod. D/NJ 12/06) Sheet 2 - Imprisonment

Judgment – Page 2 of 7

Defendant:      ABIODUN  ADEJOHN
Case Number:    2-Cr. # 14-321

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 36 Months.

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Defendant:      ABIODUN   ADEJOHN
Case Number:   2-Cr. # 14-321

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years.

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court as set forth below.

Based on information presented, the defendant is excused from the mandatory drug testing provision, however, may be requested to submit to drug testing during the period of supervision if the probation officer determines a risk of substance abuse.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and shall comply with the following special conditions:

COMPUTER MONITORING

You shall submit to an initial inspection by the U.S. Probation Office, and to any unannounced examinations during supervision, of your computer equipment. This includes, but is not limited to, personal computer, personal digital assistants, entertainment consoles, cellular telephones, and/or any electronic media device which is owned or accessed by you. You shall allow the installation on your computer of any hardware or software systems which monitor computer use. You shall pay the costs of the computer monitoring program. You shall abide by the standard conditions of computer monitoring. Any dispute as to the applicability of this condition shall be decided by the Court.

COOPERATION WITH IMMIGRATION AND CUSTOMS ENFORCEMENT

You shall cooperate with Immigration and Customs Enforcement to resolve any problems with your status in the United States. You shall provide truthful information and abide by the rules and regulations of Immigration and Customs Enforcement. If deported, you shall not re-enter the United States without the written permission of the Attorney General. If you re-enter the United States, you shall report in person to the nearest U.S. Probation Office within 48 hours.

AO 245B (Mod. D/NJ 12/06) Sheet 3a - Supervised Release

Judgment – Page 4 of 7

Defendant:     ABIODUN   ADEJOHN
Case Number:   2-Cr. # 14-321

## STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

(17) You shall cooperate in the collection of DNA as directed by the Probation Officer.

*(This standard condition would apply when the current offense or a prior federal offense is either a felony, any offense under Chapter 109A of Title 18 (i.e., §§ 2241-2248, any crime of violence [as defined in 18 U.S.C. § 16], any attempt or conspiracy to commit the above, an offense under the Uniform Code of Military Justice for which a sentence of confinement of more than one year may be imposed, or any other offense under the Uniform Code that is comparable to a qualifying federal offense);*

(18) Upon request, you shall provide the U.S. Probation Office with full disclosure of your financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, you are prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge

AO 245B (Mod. D/NJ 12/06) Sheet 3a - Supervised Release

Judgment – Page 5 of 7

Defendant: ABIODUN ADEJOHN
Case Number: 2-Cr. # 14-321

and approval of the U.S. Probation Office. You shall cooperate with the Probation Officer in the investigation of your financial dealings and shall provide truthful monthly statements of your income. You shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Office access to your financial information and records;

(19) As directed by the U.S. Probation Office, you shall participate in and complete any educational, vocational, cognitive or any other enrichment program offered by the U.S. Probation Office or any outside agency or establishment while under supervision;

(20) You shall not operate any motor vehicle without a valid driver's license issued by the State of New Jersey, or in the state in which you are supervised. You shall comply with all motor vehicle laws and ordinances and must report all motor vehicle infractions (including any court appearances) within 72 hours to the U.S. Probation Office;

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____
                              Defendant                                              Date


_____
U.S. Probation Officer/Designated Witness          Date

AO 245B (Mod. D/NJ 12/06) Sheet 6 - Restitution and Forfeiture

Judgment – Page 6 of 7

Defendant:     ABIODUN   ADEJOHN
Case Number:  2-Cr. # 14-321

## RESTITUTION AND FORFEITURE

### RESTITUTION

The defendant shall make restitution in the total amount of $630,806,48. The Court will waive the interest requirement in this case. Payments should be made payable to the **U.S. Treasury** and mailed to Clerk, U.S.D.C., 402 East State Street, Rm 2020, Trenton, New Jersey 08608, for distribution to the following victims in the following descending order of priority:

| **Name of Payee (Victim)** | **Amount of Restitution** |
| --- | --- |
| New England Office Supply<br>135 North Lundquist Dr., Braintree, MA 02184 | $238,088 |
| Millers Office Supply<br>P.O. Bos 1537 Newington, VA 22122 | $56,485.00 |
| The Office Group Inc (a/k/a Stevens Office Supply<br>372-C Wythe Creek Road, Poquoson, VA. 23662 ATTN: Debra Plummell | $38,733.38 |
| US GENERAL SERVICES ADMINISTRATION<br>1800 F STREET, NW   WASHINGTON, DC 20405   ATTN: GSA Advantage | $56,331.00 |
| METRO OFFICE PRODUCTS<br>P.O. BOX 306003, NASHVILLE, TN 37230-6003 | $20,369.00 |
| RELIABLE REPRODUCTION SUPPLY<br>4102 BEACHWOOD RD., BALTIMORE MD 21222 | $6,303.00 |
| ACCESS OFFICE PRODUCTS<br>4160 CENTER PARK DRIVE,  COLORADO SPRINGS, CO 80916 | $103,686.00 |
| SHOPLET<br>39 BROADWAY, SUITE 2030, NEW YORK, NY 10006 | $5,235.00 |
| KLOG<br>1224 WEST 27th Street, Zion, ILL 60099 | $33,030.00 |
| INDUSTRIES FOR THE BLIND<br>445 S, CURTIS ROAD, WEST ALLIS, WI 53214 | $47,337.00 |
| WECsys, LLC - Attn: Lynn Caldwell, Controller<br>8825 Xylon Ave North, Bklyn Park, MN 55445 | $2,833.10 |
| DIGITEK<br>44258 MERCURE CIRCLE, DULLES, VA 20166 | $5,101.00 |
| SITA -  14524-H Lee Road, Chantilly, Va. 20151 | $17,275.00 |

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Mod. D/NJ 12/06) Sheet 6 - Restitution and Forfeiture

Judgment – Page 7 of 7

Defendant:     ABIODUN   ADEJOHN
Case Number:   2-Cr. # 14-321

The restitution is due immediately. It is recommended that the defendant participate in the BOP Inmate Financial Responsibility Program( IFRP). If the defendant participates in the IFRP, the restitution shall be paid from those funds at a rate equivalent to $25 every 3 months. In the event the entire restitution is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of no less than $250, to commence 30 days after release from confinement.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.